IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THEODORE L. CHAIRES,

    Petitioner,

vs.                                        Case No. 4:11cv415-MP/WCS

LEON COUNTY JAIL,

    Respondent.

                                     /

### REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed two 28 U.S.C. § 2254 habeas corpus petitions, assigned case numbers 4:11cv387-SPM/WCS and 4:11cv415-SPM/WCS (this case). *See* doc. 4 (noting the confusion in docketing the separate petitions).

An amended petition, filed in this case pursuant to doc. 4, challenged the judgments of July 12, 2010 and March 8, 2011, imposing sentences of 18 months and 12 months, respectively. Doc. 5, p. 1. Petitioner indicated that he pleaded guilty, did not appeal, and filed a Fla.R.Crim.P. 3.850 motion on June 8, 2011. *Id.*, p. 2. A copy of the 3.850 motion with exhibits is marked case number MM 2033. Doc. 5, attachment; doc. 5 at pp. 7-8 (3.850 motion) and 9-16 (Exs. A-C) as scanned into ECF (Electronic

Case Filing). The full case number 2010MM2033A1 is reflected on the docket report. Doc. 5, Ex. C to attachment (pp. 14-16 in ECF).[1] Petitioner indicates in the § 2254 petition that he had not yet received notice of any ruling on the motion. Doc. 5, p. 3. For relief, Petitioner asks this court for "freedom and justice and any [punitive] or monetary damages," to the full extent allowed by law. *Id.*, p. 6.

Petitioner then filed a second amended § 2254 petition, challenging the judgment in a different case, number 2009MM5475A1. Doc. 8, p. 1. The dates of November 4, 2009, and February 1, 2010, are provided for the date of judgment. *Id.* Petitioner states that he had a plea hearing on November 4, 2009, and he was sentenced to thirteen days in jail and six months probation, but did not recall signing a plea, being there, or discussing it with an attorney. *Id.*, p. 5.[2]

The prayer for relief provides, in its entirety:

> In connection to a recent trial I am sentence [sic] to prison concerning previous convictions and points are [assessed] to this case being handled and I still have not seen a judge and I am sentence [sic] to prison by this case and another being enhanced. The relief I seek is not to be sentence prison [sic] because I do not score out to prison.

*Id.*, p. 7. "I am sentence to prison" seems to refer to the future, (as in "I am [to be] sentence[d] to prison" or "I am [facing a] sentence to prison"), but could also refer to the past (as in "I am [serving a] sentence to prison.").

---

[1] Also attached to doc. 5 is Petitioner's sworn affidavit. Doc. 5, pp. 17-22 in ECF. The affidavit references multiple exhibits, but those exhibits were not attached.

[2] Petitioner inserted an unnumbered page between pages one and two of the petition form, so the fifth page (and p. 5 in ECF) is marked (at the bottom of the form) as page 4. References are to the correct page number, which is as assigned in ECF.

Apparently it referred to the recent past.  The second amended petition was signed by Petitioner on October 10, 2011.  According to the website maintained by the Florida Department of Corrections, Petitioner was received on October 13, 2011, for service of a sentence (to two years and four months) imposed on October 5, 2011, in Leon County case 1100287.[3]  An appeal has been filed in the First District Court of Appeal, case 1D11-5793 (referencing lower case number 11-CF-287).[4]

Case 11-CF-287 is not mentioned in the initial, amended, or second amended petitions.  It is clearly that sentence, however, to which the most recent prayer for relief is directed.  Petitioner has not exhausted available state remedies for the recent judgment, however.  The notice of appeal was just recently filed, and no briefs have been submitted. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)." O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  In order to fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732.

Petitioner is in custody pursuant to a sentence not subject to review under § 2254 as he has not yet exhausted available state court remedies. If he has concerns regarding the use of any prior convictions at his recent sentencing, he should

---

[3] Pursuant to separate order, the new address will be noted on the docket.

[4] Dockets are available online at www.1dca.org.

communicate his concerns to the attorney representing him on appeal. In the meantime, this case should be summarily dismissed without prejudice.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).[5] Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall therefore make any argument as to whether a certificate should issue by objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that this cause be **DISMISSED WITHOUT PREJUDICE** as Petitioner has not exhausted state court remedies, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

---

[5] As dismissal of the petition is recommended without prejudice, as Petitioner has not yet exhausted his claims, Petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484, 120 S.Ct. at 1604. There can be no debate that Petitioner has not exhausted state court remedies.

**IN CHAMBERS** at Tallahassee, Florida, on December 1, 2011.


    S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.